UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FORD MOTOR CREDIT COMPANY LLC,

Plaintiff,

v.

JIM TRUE FORD MERCURY, INC. d/b/a JIM TRUE FORD, INC., JAMES E. TRUE Individually, FCN BANK NATIONAL ASSOCIATION d/b/a FCN BANK,

Defendants.

---

JAMES E. TRUE Individually, JIM TRUE FORD MERCURY, INC., JIM TRUE FORD MERCURY, INC., JAMES E. TRUE Individually,

Counter Claimants,

v.

FORD MOTOR CREDIT COMPANY LLC, FORD MOTOR CREDIT COMPANY LLC,

Counter Defendants.

---

FCN BANK NATIONAL ASSOCIATION,

Cross Claimant,

v.

JIM TRUE FORD MERCURY, INC., JAMES E. TRUE Individually,

Cross Defendant.

No. 1:19-cv-04368-RLY-TAB

FIRST FINANCIAL BANK, N.A., )
)
Third Party Defendant. )

**ORDER ON MOTIONS FOR LEAVE TO AMEND ANSWER AND TO FILE COUNTERCLAIM**

## I. Introduction

This matter is before the Court on a motion for leave to amend answer [Filing No. 68] filed by Counterclaim Defendants, Jim True Ford Mercury, Inc. d/b/a Jim True Ford, Inc. and James E. True ("True"), as well as True's motion to file a counterclaim [Filing No. 69] against Crossclaim Plaintiff, FCN Bank, National Association d/b/a FCN Bank ("FCN Bank"). For reasons stated below, True's motions are granted.

## II. Background

The underlying action began on October 28, 2019, when Plaintiff Ford Motor Credit Company LLC filed its complaint against FCN Bank and True. [Filing No. 1.] On January 13, 2020, FCN Bank filed a crossclaim against True. [Filing No. 43.] True subsequently filed an answer to FCN Bank's crossclaim on February 24, 2020. [Filing No. 58.] On March 27, 2020, True filed its motion for leave to file an amended answer [Filing No. 68] and motion for leave to file counterclaim [Filing No. 69], which now pend before this Court.

## III. Discussion

As an initial matter, the Court grants True's unopposed motion for leave to file an amended answer. [Filing No. 68.] Thus, the only remaining motion to address is True's motion for leave to file counterclaim, which FCN Bank opposes. [Filing Nos. 69, 73.] This pending motion is generally governed by Fed. R. Civ. P. 15(a)(2), which provides in relevant part that a

party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires."

FCN Bank contends True's counterclaim contains two separate and distinct allegations of defamation by FCN Bank toward True. The first it calls the "Double Flooring Defamation Claim." [Filing No. 73, at ECF p. 2.] This claim states: "FCN Bank and Ford Motor Credit Company, LLC had previously exchanged information, making false accusations that True was double flooring used cars." [Filing No. 69-1, at ECF p. 4.] FCN Bank argues that with this proposed counterclaim, True fails to state a claim upon which relief can be granted because the counterclaim does not list the date of the alleged incident, the general nature of the information allegedly exchanged, how the alleged defamatory statements were published, or who at FCN Bank allegedly made the statements. [Filing No. 73, at ECF p. 2.]

However, as True notes in its reply, Fed. R. Civ. P. 8(a)(2) just requires a pleading to contain a short and plain statement showing the plaintiff is entitled to relief; it does not require detailed factual allegations. *See, e.g.*, *McCrary v. Knox Cnty., Indiana*, 200 F. Supp. 3d 782, 786 (S.D. Ind. 2016) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary, the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." (Internal citations, quotation marks, and ellipses omitted)). Here, True's counterclaim sufficiently puts FCN Bank on notice and pleads the general content of the claims and damages. At this stage, the question is just the sufficiency of the pleading or futility, a relatively easy standard to meet. *See, e.g.*, *Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 948 (S.D. Ind. 2019) ("The allegation must give the defendant fair notice of what the claim is and the grounds upon which it rests. Stated differently, the complaint

must include enough facts to state a claim to relief that is plausible on its face. To be facially plausible, the complaint must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Internal citations, quotation marks, and ellipses omitted)); *Emmis Publishing L.P. v. Hour Media Group LLC*, No. 1:17-cv-02504-SEB-MJD, 2018 WL 1070381, at *1 (S.D. Ind. Feb. 23, 2018) ("Leave to amend pleadings is to be freely given when justice so requires. The Court, however, may deny leave to amend a complaint when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. Futility is measured by the capacity of the amendment to survive a motion to dismiss. That means a proposed amendment must allege enough facts to state a claim to relief that is plausible on its face." (Internal citations and quotation marks omitted)). Thus, a short and plain statement like the one True has provided is sufficient. Additionally, FCN Bank can always challenge True's counterclaim with a Rule 12 motion.

The second allegation in True's counterclaim FCN Bank describes as the "Closing Defamation Claim." [Filing No. 73, at ECF p. 2.] With this claim, True contends that on December 17, 2019, FCN Bank employee Roger Pottraffke made defamatory statements regarding True during the closing for the sale of real property where True's automobile dealership was located in Brookville, Indiana. [Filing No. 69-1, at ECF p. 2-3.] FCN Bank argues that this claim is a permissive, rather than compulsory, counterclaim and that there is no individual basis for jurisdiction. [Filing No. 73, at ECF p. 5.] True, on the other hand, argues that it is a compulsory counterclaim because the dealership real property is briefly referenced in a footnote of FCN Bank's complaint and because the bank's requested relief includes foreclosure of True's property, so they likely would have sought sale of this property if it had not already been sold. [Filing No. 76, at ECF p. 7-8.]

Regardless of whether this counterclaim is permissive or compulsory, the bigger question is whether the Court has supplemental jurisdiction over it. *See, e.g.*, *Eller v. Gary Comm. Sch. Corp.*, No. 2:08-cv-307-PRC, 2011 WL 1326592, at *2 (N.D. Ind. Apr. 4, 2011) ("Regardless of whether the counterclaim is permissive or compulsory, the Court must apply 28 U.S.C. § 1367 when determining whether it has jurisdiction over a state law counterclaim."); *Cordero v. Torres*, No. 18-cv-6863, 2019 WL 3287840, at *3 (N.D. Ill. July 22, 2019) ("This Court may 'maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so long as the counterclaims are so related to the original claims.' *Direct v. Edwards*, 293 F. Supp. 2d 873, 878 (N.D. Ind. Nov. 17, 2003). Given that the counterclaims are related to the original claim and that the interests of judicial economy would be served here, the Court may (and does) exercise supplemental jurisdiction over the counterclaims.").

28 U.S.C. § 1367(a) states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Therefore, the issue is whether True's counterclaim is "so related to" the original claims that they form part of the "same case or controversy" such that this Court maintains supplemental jurisdiction over them. *Id.* The Seventh Circuit noted that 28 U.S.C. § 1367(a):

> does not define 'case or controversy,' nor does Article III. Courts often ask whether the claims share a common nucleus of operative facts. This jiggles the vagueness problem around a little without solving it. . . . *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995), adds that "[a] loose factual connection between [ ] claims is generally sufficient" to confer supplemental jurisdiction. How loose is that? What does enough commonality really mean? Still, unless there is a phrase better than "nucleus of operative facts," there's no point in complaining. No one has come up with a better phrase, despite a lot of trying, so we apply this one as best we can.

*Prolite Building Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018). *See, e.g.*, *Snyder v. Smith*, 7 F. Supp. 3d 842, 871 (S.D. Ind. 2014) ("For state law claims to be part of the same case or controversy as federal claims, they must bear at least a loose factual connection to the federal claims, stemming from a common nucleus of operative fact." (Internal citations and quotation marks omitted)). Based on the facts as provided to the Court at this point, there appears to at least be a loose factual connection between True's counterclaim and the original claims underlying this suit. FCN Bank alleges that True is indebted more than $1,000,000 to FCN Bank. FCN Bank's claims arise from a series of transactions governing security interests in property. True's proposed counterclaim relates to an event that occurred during the same general time period involving an FCN Bank employee at the closing for the sale of True's real property. The claims involve the same parties, at least appear loosely connected, and have a logical relationship. Therefore, the Court exercises supplemental jurisdiction over True's counterclaim.

Finally, FCN Bank contends that True had knowledge of these claims at the time they filed their answer and failed to plead either one, and that allowing True to amend and assert its counterclaim prejudices FCN Bank because it will create additional delays and expenses. [Filing No. 73, at ECF p. 6-7.] The Court finds the threat of prejudice at this stage to be minimal. The deadline for amending pleadings in this case has not expired and granting True's motion will not affect other current deadlines. Moreover, as noted above, FCN Bank can file a Rule 12 motion if it still feels that True's counterclaim is insufficient. Therefore, True's motion is granted.

## IV. Conclusion

Accordingly, for the reasons stated above, True's motion for leave to amend answer [Filing No. 68] and motion to file a counterclaim [Filing No. 69] are granted. True's amended answer and counterclaim are deemed filed as of the date of this order.

Date: 5/13/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email