UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FORD MOTOR CREDIT COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04368-RLY-TAB |
| | ) | |
| JIM TRUE FORD MERCURY, INC. | ) | |
|    d/b/a JIM TRUE FORD, INC., | ) | |
| JAMES E. TRUE Individually, | ) | |
| FCN BANK NATIONAL ASSOCIATION | ) | |
|    d/b/a FCN BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ON DEFENDANTS'
MOTION TO RECONISDER AND MOTION TO COMPEL**

**I.   Introduction**

Before the Court are two motions filed by Defendants/Counter Claimants Jim True Ford Mercury, Inc. and James E. True. First, Defendants filed a motion for reconsider [Filing No. 170] the Court's order denying Jim True's motion for leave to file a second amended answer, second amended counterclaim, and first third party complaint [Filing No. 169]. In addition, Jim True filed a motion to compel discovery [Filing No. 172], seeking to compel Plaintiff Ford Motor Credit Company LLC to answer interrogatories and requests for production served on Plaintiff on August 10, 2020. For reasons detailed below, Defendants' motions are denied. Defendants have not met the high bar of showing a manifest error of law or fact necessary for the Court to grant a motion to reconsider. As for the motion to compel, it suffers from multiple shortcomings, which Jim True did not even attempt to clear up with a reply brief after Ford Motor noted the issues in its response. Accordingly, both motions are denied.

**II.     Background**

Ford Credit commenced this action in October 2019 after a series of alleged contractual defaults by Jim True Ford and Mr. True, seeking to (1) recover possession of collateral in which it held a first priority, properly perfected security interest; and (2) recover damages based upon Defendants' defaults. [Filing No. 1.] On August 10, 2020, Jim True served its first set of interrogatories and request for production of documents on Ford Credit. [Filing No. 172-1; Filing No. 172-2.] On October 9, 2020, Ford Credit served its responses, answers, and objections to Jim True's discovery requests. [Filing No. 179-1; Filing No. 179-2.] In its responses, Ford Credit advised that it was producing responsive documents and would produce additional confidential documents upon entry of a protective order. Over the next several months, the parties negotiated the protective order, which the Court entered on April 20, 2021. [Filing No. 129.] Shortly thereafter, on May 11, 2021, Ford Credit produced the remaining responsive documents marked confidential, consistent with the protective order and Case Management Plan. [Filing No. 179-3.]

On February 23, 2021, the Court dismissed Defendants' counterclaims for (1) breach of contract; (2) fraud; (3) trickery and conversion; (4) tortious interference with contracts; (5) unconscionable contract; and (6) breach of fiduciary duty. [Filing No. 113.] However, the Court concluded that Defendants' remaining counterclaim for defamation—concerning a statement purportedly made by Ford Credit employee Bryan Banks regarding alleged double flooring— could proceed. [Filing No. 113, at ECF p. 16-18.] On August 2, 2021—just days before the extended liability discovery deadline of September 13—Defendants filed a motion for leave to file a second amended answer, second amended counterclaim, and first third party complaint. [Filing No. 155.] The Court denied the motion after finding no good cause for seeking to amend

almost 17 months after the CMP deadline for amending pleadings and almost six months after the Court's ruling on Ford Credit's motion to dismiss. [Filing No. 169.] Defendants now seek to have the Court reconsider that ruling. [Filing No. 170.] Ford Credit opposes the motion. [Filing No. 171.]

In addition, Jim True filed a motion to compel discovery, seeking an order compelling Ford Credit to answer Jim True's August 10, 2020, interrogatories and requests for production. [Filing No. 172.] Ford Credit opposes this motion as well. [Filing No. 179.]

### III. Discussion

#### A. *Motion to Reconsider*

Defendants seek to have the Court reconsider its ruling denying Jim True's motion for leave to file a second amended answer, second amended counterclaim, and first third-party complaint. [Filing No. 170.] Ford Credit initially claims that Defendants' motion is untimely and procedurally defective because the proper method to challenge a magistrate judge's order is to file objections under Fed. R. Civ. P. 72(a). The Court disagrees. While filing an objection is one route available, a motion to reconsider is another available track. *See, e.g., Nelson v. General Motors Corp.*, No. 1:02-cv-1705-DFH-VSS, 2005 WL 8169235, at *1 (S.D. Ind. July 27, 2005) ("Contrary to General Motors' argument, the court does not believe the motion to reconsider was improper. The Federal Rules of Civil Procedure do not expressly permit or prohibit a motion asking a magistrate judge to reconsider her order. Interlocutory orders are ordinarily subject to being reconsidered, though the courts are naturally inclined not to revisit issues without good reason.").

However, a motion to reconsider is only appropriate where a movant demonstrates a manifest error of law or fact. *See, e.g., Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D

3

Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact." (Internal citations and quotation marks omitted)). A motion for reconsideration is not "an opportunity for a party to reframe the same evidence and arguments originally presented to the court or to bring forward additional case law or additional evidence that could have been presented previously." *Green v. Monarch Recovery Mgmt., Inc.*, No. 13-cv-0418-SEB-MJD, 2015 WL 13631863, at *1 (S.D. Ind. July 29, 2015).

Thus, the problem is not that Defendants filed a motion to reconsider, but rather that Defendants' arguments in their motion fall short of the manifest error standard. Defendants' motion does not identify any error committed by the Court. Instead, as noted by Ford Credit, the reconsideration motion "simply repeats and repackages their previous arguments regarding the COVID-19 pandemic and their difficulty communicating with Mr. True due to theft and criminal trespass at his home." [Filing No. 171, at ECF p. 7.] The Court already considered these arguments and rejected them. [Filing No. 169.] Moreover, to the extent that the declarations of counsel John Hoard and Mr. True present any new facts to support the previously raised arguments, those declarations could have been presented previously. For these reasons, Defendants have not demonstrated any basis, let alone a manifest error of law or fact, justifying reconsideration. Accordingly, Defendants' motion to reconsider [Filing No. 170] is denied.

B.      *Motion to Compel*

Jim True also seeks an order compelling Ford Credit "to answer Interrogatories and Requests for Production of Documents that were served on [Ford Credit] on August 10, 2020." [Filing No. 172, at ECF p. 2.]  On August 4, 2021, three months after Ford Credit's second production and nearly 10 months after Ford Credit served its responses, Defendants sent a letter identifying the alleged deficiencies in Ford Credit's responses.  [Filing No. 172-5.]  The parties attempted to meet and confer but could not reach any agreement on the issues raised in the letter.

One year after Ford Credit served its responses, one day before the deadline for summary judgment motions, and six weeks after the discovery deadline passed, Jim True filed the underlying motion to compel discovery.  [Filing No. 172.]  Jim True describes Ford Credit's production as "wholly deficient" and lists various documents or productions that it believes Ford Credit has not adequately provided.  Jim True's motion is difficult to follow, but it appears Jim True takes issue with Ford Credit's responses to Request for Production Nos. 3, 4, 5, 8, 9, 16, 18, and 22, and Interrogatory Nos. 9, 10, 11, 12, 14, 16, and 22.  In addition, Jim True seeks True's business plan tendered to Plaintiff in 2007, dealer wholesale statements for 2007 and 2008, Ford Credit's Wholesale Program Reference manual, and a long list of documents requested during the depositions of Bryan Banks, Theresa Zellers, and Debbie Drabek that "had not been provided through written discovery."  [Filing No. 172, at ECF p. 4.]

In response, Ford Credit claims that Defendants made 19 requests for production during the depositions of Banks, Zellers, and Drabek that were not included in Defendants' requests for production served in August 2020.  Ford Credit informs the Court it has produced 3,720 pages of documents, which include the following categories of information: (1) Ford Credit's relevant communications with third parties and True; (2) the relevant contracts, letters, and agreements;

5

(3) documents regarding the liquidation of Ford Credit's collateral, including proceeds and expenses; (4) photographs of collateral liquidated by Ford Credit; (5) checks received from and endorsed by True; (6) documents related to the payment of sales tax; (7) Ford Credit's dealer manual; (8) Jim True Ford's wholesale statements; (9) Jim True Ford's dealer financial statements; (10) audit reports pertaining to Jim True Ford; (11) net cash calculation worksheets; and (12) Ford Credit's watch reports regarding Jim True Ford. [Filing No. 179, at ECF p. 10.]

Moreover, Ford Credit notes in response that "[i]n an attempt to avoid additional discovery disputes, Ford Credit has worked to provide additional documents after the close of discovery despite Defendants' improper requests and untimely objections." [Filing No. 179, at ECF p. 12.] On October 20, 2021, after the close of discovery and without waiving its objections, Ford Credit produced additional documents, which it argues mooted nearly all of Defendants' requests made during Banks' opposition. Ford Credit also averred to the Court that it agreed to provide additional documents on a rolling basis, and as of November 9, 2021, was preparing an additional production in response to Defendants' requests for emails, operations reports, and Ford Credit's Wholesale Program Reference Manual. Jim True did not file a reply brief or otherwise attempt to respond to Ford Credit's responses.

As Ford Credit points out in its response, there are numerous problems with Jim True's motion and requests. First, it is untimely. Ford Credit served its discovery responses and first production of documents in October 2020, and after entry of the protective order served a second production in May 2021. Jim True did not file its motion to compel until one year after the initial production and six weeks after the close of discovery. While Fed. R. Civ. P. 37 does not place a time limit on filing a motion to compel, courts generally deem a motion to compel filed after the close of discovery untimely. *See, e.g., Packman v. Chicago Tribune Co.*, 267 F.3d 628,

6

647 (7th Cir. 2001) ("[T]he district court did not abuse its discretion in denying Ms. Packman's motion to compel [filed after close of discovery] as untimely."); *Dixon v. Jefferson Capital Sys., LLC et al,* No. 1:19-cv-2457-JMS-DML, 2021 WL 5908431, at *13 (S.D. Ind. Dec. 14, 2021) (denying motion to compel filed months after discovery deadline as untimely and lacking compliance with S.D. Ind. L.R. 37-1); *Geng v. Spencer*, No. 1:19-cv-3139-JPH-MPB, 2020 WL 4557752, at *5 (S.D. Ind. Aug. 6, 2020) ("Courts commonly deny motions to compel that are filed after the close of discovery, especially where the movant does not have a valid excuse for the failure to bring the motion earlier."). *Cf. Humphrey v. City of Anderson*, No. 1:19-cv-764-JRS-TAB, 2021 WL 1740070, at *2 (S.D. Ind. Mar. 19, 2021) (granting untimely motion to compel after noting broad discretion of district courts in discovery matters and demonstration of actual and substantial prejudice from denial, but also recognizing authority for proposition that "failing to pursue a motion to compel until after the discovery deadline passes may result in the motion to compel being denied."). Defendants have not provided any "reasonable and persuasive justification" for this delay. *See Wine & Canvas Dev. LLC, v. Weisser*, No. 1:11-cv-1598-TWP-DKL, 2014 WL 585406, at *2 (S.D. Ind. Feb. 14, 2014). Indeed, Jim True did not even file a reply brief to attempt to respond or offer justification.

In addition, some of Jim True's requests are procedurally improper. Specifically, requests made for the first time during the depositions of Banks, Drabek, and Zellers are not proper requests under Fed. R. Civ. P. 34, which provides the requisite procedure and contents of a request for discovery, and those requests exceeded the scope of Defendants' request for production. On October 15, 2021, Defendants sent an email identifying 19 separate requests for documents addressed at those depositions. [Filing No. 172-6.] Defendants are not entitled to documents simply because they requested them during depositions. *See, e.g., Ousterhout v.*

7

*Zukowski*, No. 11-CV-9136, 2016 WL 3675564, at *4 (N.D. Ill. Apr. 5, 2016), *report and recommendation adopted*, No. 11-CV-9136, 2016 WL 3612086 (N.D. Ill. July 6, 2016) ("While informal requests are often honored by an opposing party, they are not recognized under the Federal Rules of Civil Procedure."); *Studio & Partners, s.r.l. v. KI*, No. 06-C-0628, 2007 WL 896065, at *1 (E.D. Wis. Mar. 22, 2007) ("Informal request for the production of documents during a deposition does not constitute a formal discovery demand that can properly serve as the basis for a motion to compel."). Informal requests for documents are "not recognized under the Federal Rules of Civil Procedure" and cannot form the basis of a motion to compel. *Ousterhout*, No. 11-CV-9136, 2016 WL 3675564, at *4 (recommending denial of motion to compel a response to informal requests).

     Moreover, Ford Credit indicated to the Court that it intends to provide additional discovery on a rolling basis, and as of November 9, 2021, was preparing additional production in response to Defendants' requests for emails, operations reports, and Ford Credit's Wholesale Program Reference Manual. As noted above, Jim True did not file a reply brief to potentially clear up the problems noted in Ford Credit's response or acknowledge the additional production. Thus, Jim True's motion as to Request for Production No. 16, Banks Request No. 7, Drabek Request No. 3, Zellers Request Nos. 2, 3, and 4, and the request for Ford Credit's Wholesale Program Reference Manual are denied as moot.

     Finally, in its motion, Jim True vaguely claims, without support, that various Ford Credit answers are incomplete, inadequate, or non-responsive. [Filing No. 172, at ECF p. 6-7.] But Jim True fails to provide any meaningful explanation for such claims. Furthermore, Ford Credit persuasively argues that the Court should sustain its objections to the remaining requests,

8

including Interrogatory Nos. 9, 10, 11, 12, 14, 16, and 22. [Filing No. 179, at ECF p. 17-23.] The requests are overbroad, unduly burdensome, or seek irrelevant information.

For instance, Interrogatory No. 9 contains several subparts, including one seeking the "On-Site Monitoring letter" pursuant to which Ford Credit entered Jim True's dealership and exercised control over the collateral. [Filing No. 179-2, at ECF p. 12-14.] The subparts seek the letter's date of creation, author, and identity of any person in possession of any copy of the letter or the original. Such a request is overly broad, unduly burdensome, and disproportionate to the needs of the case. Ford Credit's answer noted that the form document is more than eight years old. Thus, it is difficult if not impossible to identify every Ford Credit employee who may have participated in drafting On-Site Monitoring Letters. [Filing No. 179-2, at ECF p. 14.]

Jim True argues that Ford Credit's answer and documents produced related to Interrogatory Nos. 10, 11, 12, and 14 were non-responsive or required further explanation. But Jim True failed to explain what additional information it seeks or provide any further basis for its claims. Moreover, as Ford Credit argues, Defendants cannot use a motion to compel to attempt to obtain information that is consistent with their view of the case. *See, e.g., Holleman v. Aramark Corp.*, No. 1:11-cv-323-TWP-DKL, 2013 WL 3872221, at *1 (S.D. Ind. July 25, 2013) ("[The plaintiff] may be displeased by the defendants' answers to these interrogatories, but the Court may not compel them to answer these interrogatories in a fashion directed by Mr. Holleman."). In relation to Interrogatory No. 16, while Jim True argued that Ford Credit's answer was non-responsive and lacking a substantive basis, Ford Credit aptly argues that "Defendants inexplicably fail to mention the calculation worksheet (which details the calculation of net cash deficit) produced by Ford Credit after entry of the Protective Order and otherwise fail to explain what additional information they seeks [sic] to compel in response to Interrogatory

16." [Filing No. 179, at ECF p. 22.] Finally, Interrogatory No. 22, which requests a description of "*all* communications sent to the Defendant from March 7, 2007 to August 30, 2019 notifying it was out of trust regarding the sale or disposition of *any* collateral" [Filing No. 179-2, at ECF p. 29 (emphasis added)], is unduly burdensome and overbroad. It seeks all communications over a 12-year period and is not tailored to any particular collateral, customer, or transaction. Ford Credit argues that it seeks communications that have no bearing on the defamation counterclaim, and True Ford did not file a reply to attempt to respond to Ford Credit's objections.

     As for Request for Production Nos. 3, 4, 5, 8, and 9, Ford Credit's objections to these requests are proper and thus, sustained. Ford Credit objected to these requests on relevance grounds because documents prior to January 1, 2018, are irrelevant to any claim or defense in this case. Defendants have not explained, either in their motion to compel or with a reply brief, how documents from as far back as 2007, or even from 2016 or 2017, are relevant to the 2019 breaches by Defendants. Furthermore, Ford Credit properly objected to these requests as overbroad and unduly burdensome. For instance, Request Nos. 3 and 4 seek *all* documents evidencing written or verbal communications with Jim True Ford, or its agents or employees, since 2016. [Filing No. 179-1, at ECF p. 7-8.] Request Nos. 5 and 8 seek all documents sent to or received from Jim True Ford since 2017, and all documents regarding advances to Jim True Ford since 2016. [Filing No. 179-1, at ECF p. 9-11.] None of these requests are properly limited to a particular communication, individual, subject matter, or transaction. Nor are they limited to the relevant time period. Responding to these requests would require Ford Credit to search for, identify, and produce every document or communication related to Jim True Ford since 2016, including documents and communications with no bearing on the issues in this case that were generated two years before the events at issue. Thus, the requests are unduly burdensome.

10

Similarly, many of Defendants' requests relating to the depositions of Drabek and Zellers are overly broad, unduly burdensome, and seek irrelevant information. For instance, Drabek Request No. 4 and Zellers Request No. 1 seek private employment documents such as performance reviews and other employment records. Zellers Request No. 5 seeks access to Zellers's work computer. Disclosure of these employment-related documents and Zellers's device would needlessly invade the privacy of Ford Credit employees Drabek and Zellers, given that there is no claim, defense, counterclaim, or element related to Drabek's or Zellers's job performance at Ford Credit. Not only do the requested documents have no relevance to the claims or defenses in this action, but the requests are also overbroad and unduly burdensome. Thus, these objections are also sustained.

Finally, Ford Credit has indicated to the Court that it already produced documents in response to Request for Production No. 18, both before and after entry of the protective order, and Defendants have failed to identify what documents Ford Credit allegedly refused to produce. For all these reasons, Ford Credit's objections are sustained.

**IV.     Conclusion**

For the numerous reasons noted above, Defendants' motion to reconsider [Filing No. 170] and motion to compel [Filing No. 172] are denied.

Date: 12/21/20

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email